UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID ELIGIO FLYTHE,<br><br>Defendant. | Criminal No. 08-28<br>(Magistrate No. 08-0031)<br>ESH/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

## I.  INTRODUCTION

Defendant is charged with possession with intent to distribute a mixture and substance containing phencyclidine, also known as PCP, in violation of 21 U.S.C. § 841(a)(1).  The undersigned United States Magistrate Judge conducted a consolidated preliminary and detention hearing on January 23, 2008.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

## II.  THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . .  the safety of any other person

United States v. Flythe                                                                                        2

and the community, such judicial officer shall order the detention of the [defendant] before trial."

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to

order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.

1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

  Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has

the burden of establishing by a preponderance of the evidence that the defendant will flee before

trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S.

841 (1986).  The judicial officer must determine that "it is more likely than not that no condition

or combination of conditions will reasonably assure an accused's appearance."  United States v.

Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

  In determining whether there are conditions of release which will reasonably assure the

appearance of the person as required and the safety of any other person and the community, the

judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any

person or to the community which would be posed by the defendant's release.  18 U.S.C.

§ 3142(g).

  A rebuttable presumption that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required and the safety of any other person and the

community arises if the judicial officer finds that there is probable cause to believe that the

United States v. Flythe                                                                3

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. §

3142(e).

### III.  DISCUSSION

The government's sole witness was Officer David Randolph of the Metropolitan Police

Department ("MPD").  Officer Randolph testified that he and other members of the Sixth District

Vice Unit executed a search warrant at 4740 Benning Road S.E., Apartment 204 on January 15,

2008.  Office Randolph testified that the Defendant, who was standing in the kitchen, attempted to

flee toward a bedroom when the officers entered the apartment.  Officer Randolph further testified

that each of the two bedrooms had a window, but the MPD apprehended the Defendant before he

entered any of the bedrooms.  Officer Randolph testified to the location and illegal contraband

found in the apartment using Government's Exhibit No.  1.[1]  Particularly, Officer Randolph

testified that the MPD found in the living room: (1) one hand rolled cigar containing a green leafy

substance; (2) four partially smoked cigarettes containing a green leafy substance; (3) a ziplock

bag containing 11 grams of a green leafy substance; (4) a plastic bag holding 12  one-milliliter

bottles containing a yellowish liquid substance; and (5) a digital scale.  Officer Randolph testified

that all of the green leafy substances recovered field tested positive for marijuana.  Officer

Randolph further testified that MPD recovered from the apartment's kitchen: (1) two one-ounce

vials of a yellowish liquid substance; (2) a box of empty one-ml bottles; (3) 10 one-oz. vials

containing PCP residue;  and (4) a black plastic bag containing seven one-oz. vials of yellowish

---

[1] The government offered into evidence, without objection, a diagram depicting the layout of 4740 Benning Road S.E., Apartment 204.

United States v. Flythe                                                                        4

liquid substance.  Officer Randolph further testified that rubber gloves and eyedroppers, materials

consistent to the handling of PCP, were also recovered from the kitchen.  Officer Randolph

testified that in one of the two bedrooms MPD officers recovered two empty one-oz. vials, a

digital scale and one empty one-ml bottle.  The MPD officer also testified that several operable

weapons were recovered from the apartment, including: (1) a loaded AK-47; (2) a 12-gauge

sawed off shotgun; (3) an unloaded desert eagle 9mm pistol; and  (4) a loaded P-94 Ruger 9mm

handgun.  Officer Randolph testified that MPD officers found documents and mailings with

Defendant's name on them inside the apartment.  The officer also testified that photos of the

Defendant were found in one of the bedrooms.  Officer Randolph testified that his investigation

later revealed that Defendant provided 4740 Benning Road S.E., Apartment 204 as his home

address when he was previously arrested on June 12, 2007.  In total, Officer Randolph testified

that the MPD recovered from the apartment approximately nine ounces grams of PCP, an amount

inconsistent with individual consumption. Officer Randolph also testified that $170 were

recovered from the Defendant.

       Officer Randolph also testified that three other adult males were inside the apartment at

the time of the search.   The officer explained that two men were seated in the living room, while

the third man stood along the left wall in the dining room area.  Officer Randolph testified that

none of these three men attempted to flee when the police entered the apartment.  The office

testified that through a subsequent interview and investigation he learned that each of the three

men provided to the MPD home addresses different than that of the Benning Road apartment.

Officer Randolph further testified that the search of the apartment did not reveal any evidence that

any of the three men owned or leased the apartment.

United States v. Flythe                                                                  5

During cross examination, Officer Randolph testified that four days before the search warrant was executed a sale of marijuana was made from the Benning Road apartment, by an individual other than the Defendant and the three men found in the apartment during the execution of the warrant.  Officer Randolph testified that no weapons or drugs were found on the Defendant's person.  Officer Randolph also testified to the location of each of the three adult men found in the apartment in relation to the contraband seized.

Counsel for the government, in further support of the government's request for pretrial detention, proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that the Defendant, at the time of the instant offense: (1) was supervised by Pretrial Services pending sentencing on two misdemeanor drug charges; (2) was not in compliance with his conditions of release due to the judicial sanction imposed on January 10, 2008 for a drug testing infraction; and (3) had a past criminal record that included the unsuccessful completion of probation in 2006.

Defendant offered no evidence.  Through his counsel, Defendant proffered that with respect to dangerousness, the instant offense is not a crime of violence; the government did not present any evidence or allegations that Defendant engaged in violent or threatening conduct; and Defendant's past criminal offenses are not crimes of violence or felony drug related convictions. However, Defendant, through his counsel, conceded that at the time of the arrest Defendant was on release pending sentencing for a misdemeanor drug offense.  Defendant further acknowledged that he received a judicial sanction for his noncompliance with his conditions of release on January 10, 2008.  Additionally, in support of Defendant's contention that he does not pose a risk of flight, Defendant's counsel proffered that he is a lifelong resident of the District of Columbia;

United States v. Flythe                                                                 6

has two children, parents and family members residing in the metropolitan area; regularly attends church; is currently seeking employment; and desires to obtain his GED. Defendant's counsel also proffered that Defendant has no prior convictions for escape or failure to appear in court. Defendant requested the court to release him to Pretrial Services' High Intensity Supervision Program. Defendant proposed, as conditions of release, that he be required to (1) reside at his mother's home in Fredericksburg; (2) obtain his GED;(3) seek and obtain stable employment; and (4) stay away from the Benning Road apartment. Defendant also proffered his mother's willingness to act as a third party custodian.

Counsel for the government opposed Defendant's request for release, proffering that Defendant's willingness to obtain a GED and to live with his mother will not diminish the government's concern that Defendant poses a danger to the community. The government further proffered that Defendant, at the time of the instant offense, was a non-compliant participant in the New Directions program, a program for heighten level of supervision. The government contended that the conditions suggested by Defendant were far less stringent and would not address the safety of the community.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of significant quantities of phencyclidine, also known as PCP.

United States v. Flythe                                                                 7

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant was on conditions of release at the time of the incident offense for a case involving two misdemeanor drug offenses. In addition, the Defendant was sanctioned on January 10, 2008 for conduct which violated the conditions of a program similar to the High Intensity Supervision Program.

Finally, the undersigned is satisfied that the toll which distribution of PCP has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's significant involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

United States v. Flythe                                                                                    8

bond pursuant to the January 23, 2008 Order of Detention.


                                                                    _____/s/_____
                                                                    DEBORAH A. ROBINSON
                                                                    United States Magistrate Judge


____March 4, 2008_____
DATE


January 23, 2008_____
NUNC PRO TUNC