UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-028 (ESH) |
| v | : | |
| DAVID FLYTHE | : | |

FILED
APR 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant hereby submit the following in preparation for a plea hearing in the instant case:

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(C), each of which the Government must prove beyond a reasonable doubt, are:

1.   That the defendant possessed a controlled substance, which was a mixture and substance containing a detectable amount of Phencyclidine, a schedule II controlled substance;

2.   That the defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.   That when the defendant possessed the controlled substance, he had the specific intent to distribute it.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement is attached.

III.    PENALTIES:

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), the crime of Unlawful Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine carries a penalty of a maximum sentence of twenty years of imprisonment, a fine of $1,000,000, and a term of supervised release of at least three years if a term of imprisonment is imposed.

IV.    STATEMENT OF THE OFFENSE:

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on January 15, 2008, at approximately 5:55 p.m., police officers of the Metropolitan Police Department executed a search warrant at 4740 Benning Road, Southeast, Apartment 204, Washington, D.C., which is a two bedroom apartment in which the defendant's father, David Flythe Sr., lived. The officers knocked and announced at the front door to the apartment and forced entry when there was no response from inside. When the officers entered the apartment they found the defendant and three other men inside. Gilbert Cowan and Jason Fleming were on the couch in the living room; Quinton Bright was standing in the dining room. The defendant, David Flythe, ran from the kitchen and was stopped in the hallway outside the bedrooms. A search of the apartment resulted in the recovery of 94.6 grams of a mixture and substance containing a detectable amount of Phencyclidine, known as PCP, and 9.2 grams of marijuana.

Specifically, in the living room police found a scale and plastic bag that contained 12 one millimeter glass vials of PCP, two ziplock bags of marijuana, several burned marijuana cigarettes, and photographs of the defendant and personal papers with the defendant's name on them. In the kitchen, police found a Romarm semi-automatic assualt rifle loaded with 30 rounds of ammunition in plain view next to the refrigerator. They also found two one ounce vials of PCP, a box containing

144 empty one milliliter glass vials and an eye dropper, and a plastic bag that contained bottle caps for the empty vials. They further located a second bag with seven one ounce vials of PCP, and a box with 144 empty one milliliter glass vials with caps and a digital scale. Finally, police found additional empty glass vials with PCP residue in them and an additional eye dropper. In defendant's father's bedroom, police found additional empty vials, a scale, mail matter in defendant's name, photographs of defendant, and .45 and .40 caliber ammunition. On the strength of this and other evidence, the government would have proven at trial beyond a reasonable doubt that the defendant David Flythe constructively possessed the PCP recovered from the apartment with the intent to distribute it.

The suspected PCP recovered during the search warrant was later submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the substance was a mixture and substance containing PCP with a combined net weight of 94.6 grams. The suspected marijuana was submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the substance was marijuana with a combined net weight of 9.2 grams.

The foregoing proffer is a summary of the defendant's participation in the offenses to which defendant is pleading guilty, and is not intended to be a complete account of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual

basis exists to support the defendant's guilty plea in this case and to establish certain incidents relevant to sentencing.

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

BY: _____
                              DAVID P. SAYBOLT
                              Assistant United States Attorney
                              Virginia Bar
                              U.S. Attorney's Office
                              555 Fourth Street NW, Room 4840
                              Washington, DC 20530
                              (202) 307-6080
                              David.Saybolt@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my Unlawful Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(C). I have discussed this proffer fully with my attorney, Robert Jenkins, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4-14-08

DAVID FLYTHE
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's Unlawful Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date: 4-14-08

ROBERT JENKINS
Counsel for Defendant