IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.: 1:08-028 |
| | : | Honorable Ellen Segal Huvelle |
| DAVID FLYTHE, | : | Sentencing: August 26, 2008 |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Pursuant to Section 6A1.2 of the *Federal Sentencing Guidelines* the defendant, DAVID FLYTHE, comes now and for his position with regards to sentencing factors to be relied upon at sentencing and states the following:

**I.   Objections to PSI**

The defendant has reviewed the presentence investigative report with the assistance of counsel. The defendant does not object to any fact or factors contained in the report.

**II.   The Sentence**

A sentencing court is required to consider the guidelines ranges, *see* 18 U.S.C.A 3553(a)(4)(Supp. 2004), but is permitted to tailor the sentence in light of other statutory concerns as well. Specifically, 18 USC 3553(a) notes:

> The court shall impose a sentence **sufficient, but not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed—
>    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B)   to afford adequate deterrence to criminal conduct;

       (C)     to protect the public from further crimes of the defendant; and
       (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)     the kinds of sentences available;
(4)     the kinds of sentence and the sentencing range established for—
       (A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
       (B)     in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5)     any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)     the need to provide restitution to any victims of the offense.

As aforementioned, 18 USC 3553(a)(1) directs a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant in imposing an appropriate sentence. 18 USC 3553(a) further cautions a sentencing court to impose a sentence **sufficient, but not greater than necessary** to satisfy the enumerated sentencing goals. The defendant respectfully submits pursuant to the U.S. Supreme Court rulings in *United States v. Gall,* __ U.S. ____, 128 S.Ct. 586 (2007) and *Kimbrough v. United States*, ____U.S.___, 128 S.Ct. 558(2007), a sentence at the low end of the advisory range is appropriate.

The guidelines are no longer mandatory. *See Gall,* 128 S.Ct. at 596-97(sentencing court "may not presume that the Guidelines range is reasonable. He must

make an individualized assessment based on the facts presented.")(internal citation omitted.). In *Kimbrough,* the Court held that a district court is free under the advisory sentencing guidelines to sentence outside the advisory range on the basis of a disagreement with a policy determination made by the Sentencing Commission—in that case, the 100:1 sentencing disparities between "crack" and powder cocaine. The Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine-run case." 128 S.Ct. at 575.

The advisory guidelines adjusted for acceptance of responsibility recommends a sentence of 57-71 months. The low end of the guideline range represents nearly 5 years of incarceration. In light of the defendant's background and the nature and circumstances of the offense he submits a sentence at the low end of the advisory guideline range is sufficient in order to satisfy the legitimate purposes of 3553(a).

The defendant stands convicted of unlawful possession with the intent to distribute phencyclidine in violation of Title 21 USC § 841(a)(1). Essentially, the defendant was arrest in a residence where a quantity of PCP was found. For relevant conduct purposes the defendant admitted to being in possession of a firearm at the time of the offense. The firearm was not loaded. There was no attempt by the defendant to brandish or threaten anyone with it. There are no alleged acts of violence.

The defendant's prior convictions are devoid of any crimes of violence. Essentially, his prior contacts with the criminal justice system reflect a history commonly associated with those with serious substance abuse problems. He has multiple arrests for

3

possession quantities of narcotics as well as theft related matters. Although he has made prior attempts to address his substance abuse problems he undoubtedly is in need of much more serious help. In considering the available sentencing options are dictated by 3553(a), this court should remain mindful of the available 500 hours substance treatment program available through the Bureau of Prisons. The defendant appears to be an excellent candidate.

### III. Conclusion

The defendant respectfully requests this Honorable Court to sentence him to the least amount of time allowable.

Respectfully submitted,

                      DAVID FLYTHE,
                      By Counsel


_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins, PLLC
Virginia State Bar No.: 39161
901 North Pitt Street, Suite 320
Alexandria, Virginia  22314
(703) 549 7211 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for the Defendant DAVID FLYTHE

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served on counsel of record via ECF on August 18, 2008.

_____/s/_____
ROBERT L. JENKINS, JR.
Bynum & Jenkins, PLLC
U.S. District Court No.  CO0003
901 North Pitt Street, Suite 320
Alexandria, Virginia  22314
(703) 549 7211 Telephone
(703) 549 7701 Fax
rjenkins@bynumandjenkinslaw.com
Counsel for the Defendant ADRIAN W. SCRIBER

Att: Mr. Jenkins

From: Tracy Thomas

Dear Honorable Judge Huvelle,

    I feel that my daddy shouldn't have a lot time because I miss him and want him to be here to see me and my brother grow. I want him to come home so that I can see him every day of the week and not just on [some] days. I want him to be able to come to all of my special events, birthdays, graduations, and performances. I really want him to come home because my life is not complete without him, he missed my birthday and my first real graduation where I was the class speaker. I hope my letter convinces you into letting my daddy be a part of my life again.

                Sincerely,

                Davonya

Dear Honorable Judge Huevelle

This letter is written on behalf of David E. Flythe. David is my younger brother whom I loved very much. I know he has made some wrong choices in his life and I believe he know it. but overall he is a very loveing and careing person and I'm not just saying this because he's my brother. I've had his daughter since he has been away and it's very hard not haveing him around to help her understand what's really going on with her dad not being here or know when he will be coming home. She is very emotional about whats going on with her dad. Since he has been away her grades haven't change but the behavioral problems have accured some. So needless to say as a aunt I can only do so much and try to explain all of what's going on and what's going to happen while he's away. I love my brother very much and I'm asking that you have some type of leniency when David come in front of you during sentenceing.
            Sincerely

Dear Honorable Judge Huevelle,

I'm writing this letter because David E Fythe is the father of my son. I have been in a relationship with him since 2003. Thourgh out these years I've been with him it's been a change for me as a woman. He's a very kind harded person and loveable. And most of all he gave me something that I thought I would never be able to have a loveing son and to me that's a blessing in it's self. Because I was told by the doctor's after I was diagnose with cervical canser that I would not be able to have children. But when I met Davic after dateing for 3 years I wes able to recieve that blessing. Being away from him these last couple of months has been really hard for me an my son. Little David is always calling his daddy's name looking at pictures and on his pog phone. It really get to me to take my son over to visit with his dad and he jump out of my arms to ren and hug him but when its time to go he don't want to let his dad go and that's a hurtful feeling to see that happens

with him So I ask that you please have some consideration when it's time to sentence Dawid for the sake of his son and daughter need their father in there life.

Sincerely
Crystal Harris